AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

                                District of                    Idaho

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| TROY CALEB WOOD | Case Number: CR09-130-001-E-EJL |
| | USM Number: 10971-023 |
| | Matthew L. Kinghorn |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    One

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 1029(a)(5) | Access Device Fraud | April 22, 2006 | One |

    The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                              May 25, 2010
                              Date of Imposition of Judgment

                              /s/ Edward J. Lodge
                              Signature of Judge

                              Edward J. Lodge, United States District Judge
                              Name and Title of Judge

                              June 2, 2010
                              Date

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: TROY CALEB WOOD
CASE NUMBER: CR09-130-001-E-EJL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    18 MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  X  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:     TROY CALEB WOOD
CASE NUMBER:     CR09-130-001-E-EK;

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     3 YEARS

Within 72 hours of release from custody or reentry to the United Stated during the court ordered term of supervision, the defendant shall report in person to the probation office in the district to which the defendant was released or allowed to reenter.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of five (5) periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. Cost to be paid by the defendant and the government based upon the defendant's ability to pay.

X     The above drug testing condition is suspended, based on the court's determination that the defendant poses a future substance abuse. (Check, if applicable.)

X     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TROY CALEB WOOD
CASE NUMBER: CR09-130-001-E-EJL

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the rules and regulations of the Probation Department.

Defendant shall perform 80 hours of community service as directed by the probation officer in lieu of a fine.

The defendant shall submit to a search of his home, vehicle, and/or person upon demand of the probation officer, or a person duly authorized by the probation officer, without necessity of a warrant and shall submit to seizure of any contraband found therein.

The defendant shall, upon request of the probation officer, or a person duly authorized by the probation officer, provide any and all financial information requested by the probation officer or the duly authorized person.

The defendant shall not incur any new credit charges nor open additional lines of credit without the approval of the probation officer.

A fine is waived due to defendants ability to pay.

Restitution is ordered in the amount of $98,005.00 at a monthly rate to be established by the probation officer. Each monthly payment shall be made on or before a date established by the probation officer. The payment shall be made to the Clerk of the Court for the District of Idaho to be paid jointly and severally on behalf of:

Pursuant to 18 USC §3013 defendant shall pay a Special Assessment of $100.

DEFENDANT: TROY CALEB WOOD
CASE NUMBER: CR09-130-001-E-EJL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0 | $ 98,005.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Kort Bowman | | 3498 | |
| Justin Daniel | | 17000 | |
| Bert Dial | | 3546 | |
| Sean Gay | | 15115 | |
| Spencer Goodmansen | | 14231 | |
| Brett Griffel | | 800 | |
| Trever Poulsen | | 15293 | |
| Chad Schiess | | 5880 | |
| Benjamin Smith | | 762 | |
| Levi Sperl | | 5022 | |
| Nicholas Tran | | 10466 | |
| Thomas Wilson | | 6392 | |

| TOTALS | $ 0 | $ 98005 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the  ☐ fine  X restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TROY CALEB WOOD
CASE NUMBER: CR09-130-001-E-EJL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

  All monetary penalties are due immediately or in monthly payments as directed by the probation officer based on the defendant's ability to pay.

X The defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. The defendant shall pay any special assessment or other financial obligation that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release to the Clerk of the U.S. District Court, 550 W. Fort Street, MSC 039, Boise, Idaho, 83724. The defendant shall submit nominal and monthly payments of 10% of his gross income, but not less than $25 per month, during the term of supervised release. This payment schedule will remain in effect unless further reviewed by the court. A review may take place at any time and will be based upon a change in the defendant's financial circumstances.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.